KAREN NELSON MOORE Circuit Judge,
dissenting in part.
Because I conclude that Tenneco presents genuine issues of material fact with regard to its product-numbers claims, I respectfully dissent from Part II of the majority opinion.
With respect to the protectability of Tenneco’s product numbers, I would first note that much of the evidence the majority cites as “[sjtrongly favor[ing]” the Defendants has little probative value. In particular, both Enborg’s declaration and the USPTO’s decision offer what are essentially legal conclusions devoid of any evidence as to how consumers view Tenne-co’s product numbers. Furthermore, although the majority asserts that “the product numbers are used to specifically describe the strut and identify the vehicle to which the strut is designated,” Maj. Op. at 852, this does not necessarily weigh against Tenneco. While the numbers may be used to “describe the strut,” they do so by indicating that the strut is a “Monroe Sensa-Trac® product from Tenneco,” Bill Dennie Decl. at ¶8, and thereby provide the sort of identifier that trademark laws are designed to protect.
I agree with the majority, however, that the evidence in favor of Tenneco is somewhat thin. Nonetheless, Tenneco has offered the declarations of three distributors, all of whom explicitly stated that they associate Tenneco’s product numbers with Monroe brand products. Furthermore, although the majority concludes that there is no evidence that Kingdom intended to copy Tenneco’s product numbers, a reasonable jury could infer such intent from the fact that Kingdom “sent a Tenneco strut to China with instructions to copy,” Doc. 57 at 82 (Gary Calagoure Prelim. Inj. Test.), and did not exclude the product numbers from its instructions. Although this may not be overwhelming evidence, it is sufficient to survive summary judgment when combined with the other evidence that Tenneco has offered. Therefore, I respectfully dissent from Part II of the majority opinion.